IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE CO. | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 11-5830 |
| v. | : | |
| | : | |
| JOEZER ANTOINE, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 13th day of January 2012, upon consideration of the Complaint seeking a declaratory judgment filed by Plaintiff on September 15, 2011 (Doc. No. 1), and the Answers filed by Defendants from October 10, 2011 to December 22, 2011 (Doc. Nos. 3, 7, 11, 15, and 18), it is **ORDERED** as follows:[1]

---

[1] On October 13, 2009, Cynthia Urzillo and Robert Urzillo, wife and husband, filed a negligence action in the Chester County Court of Common Pleas for injuries Cynthia Urzillo sustained when the vehicle she was operating, a 2006 Eagle Wolfington school bus, came into contact with a vehicle operated by Joezer Antoine and owned by Victor Velez and Pierrette Velez. (Doc. No. 1, Ex. C.) The collision occurred on May 19, 2008. (Id. ¶ 6.) At that time, Victor Velez and Pierrette Velez were the named insureds under an automobile insurance policy issued by Allstate Insurance Company ("Allstate"). (Doc. No. 1 ¶ 9.) Victor Velez and Pierrette Velez were also named insureds under an umbrella policy of insurance issued by Allstate. (Id. ¶ 10.) As a result of the motor vehicle accident, Page Buck and Christopher Nelson also filed a negligence action, individually and as the parents and natural guardians of Nina Buck, in the Chester County Court of Common Pleas for injuries they sustained in and from the May 19, 2008 collision. (Id. ¶ 15.)

On September 15, 2011, Plaintiff Allstate filed the instant action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. (Doc. No. 1.) Named as Defendants are Joezer Antoine; Victor Velez, Pierrette Velez, and Alexandra Velez; Cynthia Urzillo and Robert Urzillo; Page Buck and Christopher Nelson as parents and natural guardians of Nina Buck; and Eagle Wolfington Leasing Corporation. (Id.) In the Complaint, Allstate asks the Court to rule that it has no duty to defend or indemnify Defendant Antoine under the insurance policies in the cases filed in the Chester County Court of Common Pleas by Cynthia Urzillo and Robert Urzillo (No. 2009-11512-CA) and Page Buck and Christopher Nelson as the parents and natural guardians of Nina Buck (No. 2010-06094-CA). (Id. at 6.) Because all Defendants here have filed Answers to the Complaint (Doc. Nos. 3, 7, 11, 15, and 18), the issue of whether the Court

1.	By **January 25, 2012**, the parties shall submit memoranda of law addressing whether the Court should decline to exercise jurisdiction over this action, or in the alternative, stay this action pending conclusion of the underlying state court litigation.  See, e.g., State Auto Ins. Co. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000) (in deciding whether to exercise jurisdiction over a declaratory action involving insurance coverage issues governed by state law, the district court must consider: "(1) [the] general policy of restraint when the same issues are pending in a state court; (2) [the] inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in a federal court as falling within . . . a policy exclusion; and (3) avoidance of duplicative litigation").  See also Essex Ins. Co. v. Quick Stop Mart, Inc., No. 07-1909, 2008 WL 2928547 (E.D. Pa. July 28, 2008) (staying declaratory judgment action regarding insurance coverage pending resolution of the underlying tort action in state court).

2.	Counsel for all parties shall appear at a hearing before the Honorable Joel H. Slomsky on **February 1, 2012 at 1:30 p.m.** in a courtroom to be determined in the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania, to show cause whether the Court should exercise jurisdiction in this case.

					BY THE COURT:


					  /s/ Joel H. Slomsky, J.
					JOEL H. SLOMSKY, J.

---

should exercise jurisdiction over this matter is ripe for a decision by this Court.  See generally Scottsdale Ins. Co. v. Broaddus, No. 08-3241, 2009 WL 349697 (E.D. Pa. February 11, 2009).