## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY | CIVIL ACTION |
| v. | |
| JOEZER ANTOINE, et al. | NO.  11-5830 |

## ORDER

AND NOW, this        day of                    , 2012, upon consideration of Defendants,
Cynthia Urzillo and Robert Urzillo's, Memorandum of Law in Support of Defendants' Position that
the Court Should Decline to Exercise its Declaratory Judgment Jurisdiction, it is hereby ORDERED
and DECREED that this Honorable Court shall decline to exercise jurisdiction over this
Declaratory Judgment action pending conclusion of the underlying State Court litigation, being
*Urzillo v. Joezer Antoine, et al.,* Chester County CCP, No. 09-11512.

BY THE COURT:

_____
                                                    J.

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY | |
| v. | |
| JOEZER ANTOINE | |
| And | |
| VICTOR VALEZ, PIERRETTE VALEZ and ALEXANDRA VALEZ | CIVIL ACTION |
| And | |
| CYNTHIA URZILLO and ROBERT URZILLO | NO.  11-5830 |
| And | |
| PAGE BUCK and CHRISTOPHER NELSON, as p/n/g of NINA BUCK, a Minor | |
| And | |
| EAGLE WOLFINGTON LEASING CORPORATION | |

**DEFENDANTS, CYNTHIA URZILLO AND ROBERT URZILLO'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' POSITION THAT THE COURT SHOULD DECLINE TO EXERCISE ITS DECLARATORY JUDGMENT JURISDICTION**

**I.    MATTER BEFORE THE COURT**

Defendants, Cynthia Urzillo and Robert Urzillo, by and through their attorneys, Saltz, Mongeluzzi, Barrett & Bendesky, P.C., hereby timely file their Memorandum of Law in accordance with this Honorable Court's Order of January 13, 2012 regarding whether this Honorable Court should decline to exercise jurisdiction over this action, or in the alternative, stay this action pending conclusion of the underlying State Court litigation.

II.     **QUESTION PRESENTED**

A.     Should this Honorable Court decline to exercise jurisdiction over this action pending the conclusion of the underlying State Court litigation, being *Urzillo v. Joezer Antoine, et al., Chester County CCP, No. 09-11512*?

SUGGESTED ANSWER: Yes.


III.    **BRIEF STATEMENT OF RELEVANT FACTS**

On May 19, 2008, Joezer Antoine, while operating a motor vehicle which was owned and insured by Victor Velez and Pierette Velez, pulled out into traffic and attempted to make a left turn from the Haven Deli parking lot onto Charlestown Road in Chester County, Pennsylvania and violently crashed into a motor vehicle operated by Cynthia Urzillo. The collision thrust Ms. Urzillo's vehicle into the southbound lane of traffic on Charleston Road, whereby her vehicle sustained another collision head-on with a third motor vehicle, causing Ms. Urzillo to sustain serious and permanent injuries.

Cynthia Urzillo and Robert Urzillo filed a Civil Action Complaint in the matter of *Urzillo v. Joezer Antoine, et al., Chester County CCP, No. 09-11512* on October 13, 2009 with the Court of Common Pleas in Chester County, and this case is currently listed for Trial from January 30, 2012 to February 3, 2012 before the Honorable William P. Mahon.

On September 15, 2011, Allstate Insurance Company filed the instant Declaratory Judgment action alleging that it has no duty to defend or indemnify Joezer Antoine under the insurance policies of Victor Velez and Pierette Velez.   By and through counsel, Cynthia Urzillo and Robert Urzillo timely filed an Answer in opposition to the Declaratory Judgment Complaint.

IV. **LEGAL ARGUMENT**

It is well established that a District Court has discretion to decline jurisdiction in an action for declaratory relief. Further, Pennsylvania case law specifies that a District Court should decline to exercise its jurisdiction where the action for declaratory relief seeks to settle an issue of state law. Additionally, this Court has a well-established history of declining to exercise its jurisdiction in declaratory relief actions where the declaratory judgment seeks to determine an insurance coverage issue. The issue presented by the Plaintiff in this action, being whether Josier Antoine is a covered driver under Victor Velez and Pierette Velez's insurance policy, is solely an issue of state law and explicitly asks the Court to determine an insurance coverage issue. Therefore, it is an inappropriate matter for declaratory relief. Accordingly, this Honorable Court should decline to exercise jurisdiction over Plaintiff's action for declaratory relief, and should stay Plaintiff's action for declaratory relief until the parallel state tort proceedings are finalized.

In Rinkenbach v. State Auto Insurance Co., 2007 U.S. Dist. LEXIS 33141 (E.D. Pa. 2007), the Court declined to exercise its jurisdiction under circumstances similar to those presented in the instant action. In Rinkenbach, an individual sustained personal injuries in a motor vehicle accident and sought coverage as an additional insured under his wife's insurance policy. However, unlike the instant matter, in Rinkenbach, federal jurisdiction was sought under diversity jurisdiction. Despite the fact that Rinkenbach was brought to Federal Court under diversity jurisdiction rather than to determine an insurance coverage issue, this Court declined to exercise jurisdiction over the matter because the disputes regarding liability in an auto accident focus solely on state law. This Court held that *"[e]ven though there is not a parallel case pending in state court, there is no federal interest in this case since it arises entirely under well-settled state law and the plaintiff objects to federal jurisdiction. Therefore, I will decline to exercise jurisdiction and remand the case to state court."* See, Rinkenbach at 10 (emphasis added).

3

Since federal jurisdiction was inappropriate in <u>Rinkenbach</u>, where there was no parallel state proceeding, it is certainly inappropriate in the instant matter, where there is a parallel state proceeding.  This Court has held numerous times that it should not exercise jurisdiction in a Declaratory Judgment action regarding an insurance coverage issue where there is a pending parallel proceeding in state court. <u>See</u>, <u>e.g.</u>, <u>Nationwide Mutual Insurance Co. v. Lowe</u>, 95 F.Supp.2d 274 (E.D.Pa. 2000)(declining to exercise jurisdiction in a Declaratory Judgment action which sought to determine whether an insurance company had a duty to defend its insured in a pending State Court lawsuit); <u>Nationwide Mutual Fire Co. v. Shank</u>, 951 F. Supp. 68 (E.D. Pa. 1997)(declining to exercise jurisdiction where an insurance company filed a Declaratory Judgment action to determine its duty to defend its insured in a pending State Court action); <u>NIC Insurance Co. v. PJP Consulting, LLC</u>, 2010 U.S. Dist. LEXIS 113207 (E.D. Pa. 2010)(declining to exercise Declaratory Judgment jurisdiction where an insurance company sought a declaration regarding its obligations to defend a bar for assault and battery liability); <u>Kaplan v. Mt. Airy Insurance Co.</u>, 1999 U.S. Dist. LEXIS 7178 (E.D. Pa. 1999)(staying a Declaratory Judgment action to determine an insurance company's duty to defend a lawyer in legal malpractice actions until after parallel state proceedings were finalized); <u>Scottsdale Ins. Co. v. Broaddus</u>, 2009 U.S. Dist. LEXIS 14879 (E.D. Pa. 2009)(declining to exercise jurisdiction in a Declaratory Judgment action which sought to determine whether an insurance company had a duty to defend and indemnify its insured in a pending State Court negligence action); <u>Pronational Insurance Co. v. Shah</u>, 2007 U.S. Dist. LEXIS 68403 (E.D. Pa. 2007)(staying a declaratory relief action which sought to determine an insurance company's obligation to defend and indemnify its insured until the conclusion of pending State Court litigation).

A district court's discretion to decline jurisdiction in a Declaratory Judgment action is well-settled law. For example, in <u>Wilton v. Seven Falls Company</u>, 515 U.S. 277, 115 S. Ct. 2137, 132 L.

Ed. 2d 214 (1995), the Supreme Court explicitly held that a District Court acts within its discretion where it stays an action for declaratory relief because there are parallel state court proceedings.

In Terra Nova Insurance Co. v. Lowe, 887 F.2d 1213, (3d Cir. 1989), the Third Circuit articulated four (4) factors for District Courts to consider in determining whether to exercise their discretion in a Declaratory Judgment action, as follows: (1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies. Although Terra Nova was decided before Wilton, 515 U.S. 277, this Court has repeatedly applied the four (4) Terra Nova factors to decide Declaratory Judgment actions since Wilton, 515 U.S. 277, was decided. See Lowe, 95 F.Supp.2d 274, 275 (stating "[a]l though Wilton was decided after Terra Nova, Terra Nova appears to survive Wilton"); See also Shank, 951 F. Supp 68; See also, PJP Consulting, LLC, 2010 U.S. Dist. LEXIS 113207.

All four (4) of the factors articulated in Terra Nova weigh heavily in favor of the Court declining Declaratory Judgment jurisdiction in the instant matter. First, a Declaratory Judgment by the Court is unlikely to resolve any uncertainty in the original action. The insurance coverage issue that the Plaintiff is asking the Court to address in its Declaratory Judgment action will inevitably arise in the State Court tort proceeding. Under similar circumstances, this Court noted that ***"even if the coverage issue is not currently pending, it will as a matter of logic necessarily arise before the matter is concluded in state court."*** See, Broaddus, 2009 U.S. Dist. LEXIS 14879 at *13 (quoting *Atlantic Mut. Ins. Co. v. Gula,* 173, 175 (3d Cir. 2003))(emphasis added).

The second factor in Terra Nova also suggests that this Court should decline jurisdiction because declining jurisdiction would be most convenient for the parties. The parties involved in this Declaratory Judgment action are the same parties involved in the parallel State Court tort action. This Court has repeatedly found that it is inappropriate to exercise jurisdiction where the issue

sought to be resolved by a Declaratory Judgment action could just as easily be handled in State Court. For example, in declining jurisdiction in Kaplan., 1999 U.S. Dist. LEXIS 7178, the Court noted that *"the same parties and issues are involved in the state declaratory judgment action and the federal declaratory judgment action, and the available defenses are the same in both actions."* See, Id. at *5-6 (emphasis added). Similarly, in Broaddus, 2009 U.S. Dist. LEXIS 14879 the Court found that any *"inconvenience"* to the insurance carrier is of its own making because it could have sought declaratory relief in State Court. See, Id. at *14.

Additionally, there is no public interest served by this Court issuing a Declaratory Judgment. The issue presented to the State Court by Cynthia Urzillo and Robert Urzillo is an unsettled issue of Pennsylvania State law (i.e. whether Joezer Antoine should be considered an insured driver under Victor Valez and Pierette Valez' auto insurance policy). In Broaddus, 2009 U.S. Dist. LEXIS 14879, which also dealt with a declaratory relief action to determine insurance coverage, the Court provided *"I do not see how the public interest is served by a federal court (rather than a state court) resolving the coverage questions [the insurance carrier] has raised."* See, Id. at *22-23 (emphasis added). Similarly, in Shank, 951 F. Supp. 68, the Court stated that a *"declaratory judgment action should not be used as a 'race for res judicata' or collateral estoppel"* and that *"[t]here is a serious potential problem if the 'same factual question lies at the heart of both an insurance coverage dispute and the underlying tort action'"* See, Id.. at 70 (quoting Terra Nova, 554 F.2d 1213)(emphasis added); See also, PJP Consulting, U.S. Dist. LEXIS 113207 (stating *"[t]he presence of unsettled state-law issues weighs heavily against exercising jurisdiction over this declaratory judgment action"*). In the current action, Allstate Insurance Company is impermissibly seeking to estop the Pennsylvania State Court from determining an unsettled issue of state law, being whether Josier Antoine is a covered driver under Victor Velez and Pierette Velez's insurance policy.

The fourth and final <u>Terra Nova</u> factor also weighs in favor of declining jurisdiction as other remedies are readily available to the Plaintiff here. As noted earlier, the Plaintiff could just as easily have sought declaratory relief in State Court rather than filing this action in Federal Court. In <u>PJP Consulting</u>, the Court provided *"[t]here is no reason why the parties could not seek a declaration from the Philadelphia County Court of Common Pleas, which sits a few blocks a weigh from the federal courthouse in Philadelphia."* <u>See</u> <u>also</u> <u>Kaplan.</u>, 1999 U.S. Dist. LEXIS 7178; <u>See also</u> <u>Broaddus</u>, 2009 U.S. Dist. LEXIS 14879.

In addition to the four (4) factors set forth in <u>Terra Nova</u>, the Third Circuit has also provided three (3) additional factors for District Courts to consider in determining whether to exercise jurisdiction over insurance-coverage declaratory actions, as follows: (1) a general policy of restraint when the same issues are pending in state court; (2) an inherent conflict of interest between an insurer's duty to defend in state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and (3) avoidance of duplicative litigation. <u>See,</u> <u>State Auto Insurance Co. v. Summy</u>, 234 F.3d 131 (3d. Cir. 2000). All three (3) of these factors indicate that this Court should <u>not</u> exercise its jurisdiction in this Declaratory Judgment action. First, as discussed earlier, the same issues brought before the Court in this declaratory action are currently pending in State Court. Additionally, the inherent conflict discussed in the second factor is present as Allstate is claiming a policy exclusion in an attempt to avoid its duty to defend its insured in State Court. Finally, the Court's exercise of jurisdiction in this declaratory action would lead to duplicative litigation as the coverage issue addressed in this action will inevitably be litigated in the state court tort action. <u>See</u> <u>Broaddus</u>, 2009 U.S. Dist. LEXIS 14879.

## V.     RELIEF REQUESTED

Defendants, Cynthia Urzillo and Robert Urzillo, respectfully request that this Honorable Court enter the form of proposed Order attached.

Respectfully submitted,

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

By:  *Robert N. Braker*
         ROBERT N. BRAKER, ESQUIRE
         *Attorney for Cynthia Urzillo and Robert Urzillo*

Dated: 1/24/12

## VERIFICATION

ROBERT N. BRAKER, ESQUIRE, counsel for Cynthia Urzillo and Robert Urzillo, hereby verifies that the facts set forth in the within document are true and correct to the best of his knowledge, information and belief.  This Verification is subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.


_Robert N Braker_
ROBERT N. BRAKER, ESQUIRE


Date: _1|24|12_

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Cynthia Urzillo and Robert Urzillo's, Memorandum of Law in Support of Defendants' Position that the Court Should Decline to Exercise its Declaratory Judgment Jurisdiction was filed with the United States District Court for the Eastern District of Pennsylvania on this 24th day of January, 2012 and was mailed via U.S. First Class Mail to the following counsel of record:

M. Gerard Bradley, Esquire
*Brooks, Bradley & Kenney*
21 West Second Street
Media, PA 19063

Hugh A. Donaghue, Esquire
*Donaghue & Labrum, LLP*
13 West Third Street
Media, PA 19063

Jane North, Esquire
Peter R. Kulp, Esquire
*Deasey, Mahoney, Valentini & North, Ltd.*
1601 Market Street, Suite 3400
Philadelphia, PA 19103

James Willing Watson, Esquire
Forry Ullman
Walnut Hill Plaza, Suite 450
150 South Warner Road
King of Prussia, PA 19406

Thomas J. Wehner
Reger, Rizzo, Kavulich & Darnall, LLP
Cira Center, 13th Floor
2929 Arch Street
Philadelphia, PA 19104

_____
ROBERT N. BRAKER, ESQUIRE

Dated: 1/24/12