IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE CO. | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 11-5830 |
| v. | : | |
| | : | |
| JOEZER ANTOINE, et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION**

**Slomsky, J.**                                                              **March 6, 2012**

## I.    INTRODUCTION

This case is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 in which

Plaintiff Allstate Insurance Company ("Allstate") seeks a declaration that it is not obligated to

defend and indemnify Defendant Joezer Antoine ("Defendant Antoine" or "Antoine") in two

pending state court matters.  For reasons that follow, the Court will decline to exercise

jurisdiction over this case.

## II.    FACTUAL BACKGROUND

This declaratory judgment action arises from two state actions, both stemming from a

vehicular collision that occurred on May 19, 2008.  (Doc. No. 1 ¶¶ 12, 26.)  On that day,

Defendant Antoine was operating a motor vehicle that was owned and insured by Defendants

Victor Velez and Pierrette Velez, husband and wife ("H/W Velez Defendants").  (Id. ¶ 12.)

Defendant Antoine is a friend of the daughter of H/W Velez Defendants.  The daughter is also

listed as a defendant here, and her name is Alexandra Velez ("Defendant A. Velez").  According

to Defendant Antoine, Defendant A. Velez gave him permission to operate the vehicle on May

19, 2008.[1]  (Doc. No. 23 at 3.)

While driving the Velez vehicle, Defendant Antoine pulled out of a parking lot onto Charlestown Road in Chester County, Pennsylvania.  (Doc. No. 20 at 2.)  At that moment, the Velez vehicle caused a collision with other vehicles.  (Id.)  One vehicle was owned by Defendant Eagle Wolfington Leasing Corporation ("Defendant Eagle Wolfington") and operated by Defendant Cynthia Urzillo ("Defendant Urzillo").  (Doc. No. 1 ¶ 17.)  A second vehicle was operated by Defendant Page Buck, whose minor daughter Nina Buck was a passenger in the back seat of the Buck vehicle.  (Doc. No. 1-4 ¶¶ 7-8.)  Suits were filed in state court by the parties in the collision caused by the car driven by Defendant Antoine.

In the first state action, H/W Urzillo Defendants have brought tort claims against Defendant Antoine and H/W Velez Defendants in the Chester County Court of Common Pleas. (Doc. No. 1 ¶¶ 13-14; Doc. No. 1, Ex. C.)  In the second state action, which is also filed in the Chester County Court of Common Pleas, Defendants Page Buck and Christopher Nelson, individually and as the parents and natural guardians of Nina Buck, have brought tort claims against Defendant Antoine, H/W Velez Defendants, and Defendant A. Velez.  (Doc. No. 1 ¶¶ 15-16; Doc. No. 1, Ex. D.)  In the case filed by Defendants Buck and Nelson, Defendant Antoine has joined Defendants Urzillo and Eagle Wolfington, alleging that negligence on the part of Urzillo as the driver contributed to the cause of the collision, and naming Eagle Wolfington as the owner of the vehicle that Urzillo was operating.  (Doc. No. 1 ¶ 17.)

The declaratory judgment action presently before the Court involves two insurance

---

[1] On February 1, 2012, at a hearing to determine whether the Court should exercise jurisdiction in this matter, counsel for the parties disagreed whether Defendant Antoine operated the vehicle with the permission of Defendant A. Velez.  (Doc. No. 28.)

policies issued by Allstate to the H/W Velez Defendants.  Whether these policies provide

coverage for the actions of Defendant Antoine is the subject of the dispute here.

The H/W Velez Defendants were named insureds under two policies:  (1) an automobile

insurance policy ("the Automobile Insurance Policy"); and (2) an umbrella insurance policy ("the

Umbrella Policy").[2]  With respect to "insured persons," the Automobile Insurance Policy

provides in pertinent part as follows:

> **Insured Persons**
> These persons are insured under Coverage AA and Coverage BB:
> 1.       While using an insured auto:
>    a)     **You**, and
>    b)     Any **resident** relative, and
>    c)     Any other licensed driver using it with **your** permission.

(Doc. No. 1, Ex. A at 5.)  The Umbrella Policy also defines the term "insured person."  It

provides:

> **"Insured person"** means
> a)     **you**, and any other person who is named on the Policy Declarations;
> b)     any person related to **you** by blood, marriage or adoption who is a resident of your household; or
> c)     any dependent person in **your** care, if that person is a resident of **your** household.

(Doc. No. 1, Ex. B at 1.)

On September 15, 2011, Allstate's Complaint was filed in this Court pursuant to the

federal Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that Allstate has no

obligation under the Automobile Insurance Policy or the Umbrella Policy to defend or indemnify

---

[2]  In the two state cases, Defendant Antoine is currently being defended through coverage under his parents' automobile insurance policy.  (Doc. No. 23 at 4.)  The case before this Court deals with the issue of whether coverage for Antoine's actions should also be provided under the two Allstate insurance policies issued to the Velez Defendants.

Defendant Antoine in the two underlying state court actions described above.  On February 1,

2012, a hearing was held on the issue of whether this Court should exercise jurisdiction over this

case.  (Doc. No. 28.)  The parties have filed supplemental briefs on this issue (Doc. Nos. 20-23,

26), and the matter is now ripe for disposition.[3]

## III.   DISCUSSION

Plaintiff Allstate asks the Court to exercise the discretion afforded it under the

Declaratory Judgment Act, 28 U.S.C. § 2201, and decide the matter of coverage.  (Doc. No. 22.)

The following Defendants agree with Plaintiff that this Court should retain jurisdiction and

decide the matter:  Eagle Wolfington (Doc. No. 21), Antoine (Doc. No. 23), and all Velez

Defendants (Doc. No. 26).  The H/W Urzillo Defendants disagree, arguing that this matter of

coverage should be decided in state court.  (Doc. No. 20.)  Defendants Buck and Nelson have not

submitted a brief on the jurisdictional issue, but at the February 1, 2012 hearing argued that this

Court should decline to exercise jurisdiction.

The Declaratory Judgment Act provides, in pertinent part, as follows:

> In a case of actual controversy within its jurisdiction, . . . any court of the United
> States, upon the filing of an appropriate pleading, may declare the rights and other
> legal relations of any interested party seeking such declaration, whether or not further
> relief is or could be sought.

28 U.S.C. § 2201(a); see also Atlantic Mut. Ins. Co. v. Gula, 84 F. App'x 173, 174 (3d Cir.

2003); State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000).  The United States

---

[3]   In deciding whether to exercise jurisdiction over this declaratory judgment matter, the
Court has considered the following:  The Complaint and supporting exhibits (Doc. No. 1);
Defendants' Answers to the Complaint (Doc. Nos. 3, 7, 11, 15, and 18); supplemental briefing
submitted by the parties on the jurisdictional issue (Doc. Nos. 20, 22, 21, 23, and 26); and the
arguments of the parties at the February 1, 2012 hearing (Doc. No. 28).

Supreme Court has interpreted the language in the Declaratory Judgment Act as providing a federal court with broad discretion to determine whether to hear a declaratory judgment action. Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995); see also Gula, 84 F. App'x at 174 ("[J]urisdiction conferred by this act is discretionary and district courts are 'under no compulsion to exercise it.'") (quoting Summy, 234 F.3d at 133).

This discretion is not unlimited. Summy, 234 F.3d at 134. The limits placed on a district court's discretion to decline jurisdiction arise when the matter concerns "federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity[,] or inadequacy of the state proceeding." United States v. Dep't of Envtl. Res., 923 F.2d 1071, 1075 (3d Cir. 1991); Summy, 234 F.3d at 134. If none of these issues are present, the district court maintains broad discretion to determine whether it will entertain a declaratory judgment action. Hartford Casualty Ins. Co. v. Am. Recycling Sys., Inc., No. 09-3355, 2010 WL 3420046, at *2 (E.D. Pa. Aug. 25, 2010).

In exercising its broad discretion, the district court must consider several factors. They are as follows: (1) the likelihood that a declaration from a federal court will resolve the uncertainty of the obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of the obligation; and (4) the availability and relative convenience of other remedies. Dep't of Envtl. Res., 923 F.2d at 1075. In Summy, the Third Circuit suggested several additional factors a district court may consider when determining whether to exercise jurisdiction over a declaratory judgment action involving an insurance coverage dispute. 234 F.3d at 134. Those additional considerations include:

(1) [a] general policy of restraint when the same issues are pending

in state court;

(2) [the] inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; [and]

(3) [the] [a]voidance of duplicative litigation.

Id. (citing Dep't of Envtl. Res., 923 F.2d at 1075-76).  Each of these factors will be addressed below.

### A.      The Likelihood That a Federal Court Declaration Will Resolve the Uncertainty of the Obligation Giving Rise to This Controversy

A declaration from this Court regarding Allstate's obligations under the insurance policy would undoubtedly resolve the uncertainty of coverage.  Nonetheless, this factor, by itself, is insufficient to warrant exercising jurisdiction in this case.  See Hartford Casualty Ins. Co. v. Am. Recycling Sys., Inc., 2010 WL 3420046, at *3 (citing Scottsdale Ins. Co. v. Broaddus, No. 08-3241, 2009 WL 34967, at *9 (E.D. Pa. Feb. 11, 2009)).

### B.      The Convenience of the Parties and Availability and Relative Convenience of Other Remedies

Should this Court decline to exercise jurisdiction, Allstate still may seek relief in state court under the Pennsylvania Declaratory Judgment Act, 42 Pa. Cons. Stat. Ann. § 7541.  See General Acc. Ins. Co. of Am. v. Allen, 692 A.2d 1089, 1092-93 (Pa. 1997) (noting that the purpose of the Pennsylvania Declaratory Judgment Act is to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations).  See Harleysville Mut. Ins. Co. v. Madison, 609 A.2d 564, 566 (Pa. Super. 1992) (An insurance company "has [a] right to seek a judicial determination of its obligations . . ., including its duty to defend[], in advance of the conclusion of the underlying negligence action.").

The underlying state court proceedings have been ongoing since October 2009, and

Allstate filed the instant declaratory judgment action in federal court on September 11, 2011.  It

is unclear why Allstate did not seek a declaratory judgment in state court and why it waited about

two years to file the current action in federal court.  On this point, the Honorable William P.

Mahon, the judge presiding over the state court matter brought by Buck and Nelson in the

Chester County Court of Common Pleas, noted in an order denying a motion to stay that case

pending a decision in this federal declaratory judgment action that Allstate took "approximately 3

years and 4 months [from the date of the accident] for a declaratory judgment matter to be filed

in the federal court."  The inordinate delay and the availability of the same action under state law

are factors that weigh heavily in favor of this Court declining to exercise jurisdiction over this

case.  See, e.g., Am. Recycling Sys., Inc., 2010 WL 3420046, at *3 (dismissing the declaratory

judgment action brought by an insurance company and stating, "it is clear that Hartford has a

similar, if not identical, remedy available in the state court.").

Allstate has not convinced this Court that bringing a declaratory judgment action in state

court would be less convenient than bringing the action in federal court.  The parties involved in

the instant litigation are the same parties involved in the underlying state court proceedings.

Inconvenience to Allstate, if any, would be of its own accord because it could have initially

sought declaratory relief in state court, closer to the date when the state cases were filed.  See,

e.g., Broaddus, 2009 WL 349697, at *6.  Thus, the convenience of the parties also weighs in

favor of declining to exercise jurisdiction over the instant matter.

### C.    The Public Interest in Settlement of the Uncertainty of the Obligation

The public interest will not be better served by the federal court deciding the insurance

coverage issue when the state court, which has more familiarity with the underlying cases, can equally well decide the issue.  According to H/W Urzillo Defendants, the issue regarding whether Defendant Antoine is an insured driver under the insurance policy held by H/W Velez Defendants is an unsettled area of Pennsylvania law.  On the other hand, Plaintiff Allstate argues that the matter presently before the Court is merely an issue of permissive use of a vehicle, which is a well-established area of law.  Whether settled or unsettled, the Third Circuit has expressly held that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Am. Recycling Sys., Inc., 2010 WL 3420046, at *3 (quoting Summy, 234 F.3d at 136) (internal quotations omitted).  To the contrary, this matter presents "the all too common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters." Am. Recycling Sys., Inc., 2010 WL 3420046, at *3 (citations omitted).

Moreover, "[t]he central question is whether the controversy may better be settled in the state court." Am. Recycling Sys., Inc., 2010 WL 3420046, at *4 (quoting Dep't of Envtl. Res., 923 F.2d at 1075) (internal quotations omitted).  Allstate's Complaint here concerns a matter arising solely under state law.  See Brethren Mut. Ins. Co. v. Head's Up, Inc., No. 09-1544, 2010 WL 411715, at *5 (M.D. Pa. Jan. 28, 2010) ("The dispute over the scope of coverage of an insurance contract 'is purely a matter of well-settled state law, and there are no federal interests at stake.'").  Assuredly, the public interest would be better served by allowing the state court to decide an issue of state law.  Accordingly, this factor weighs in favor of declining jurisdiction.

**D.     The General Policy of Restraint When the Same Issues are Pending in State Court and the Avoidance of Duplicative Litigation**

Although interpretation of the insurance policies at issue here are not currently pending in state court, this issue would arise in both state court proceedings, should H/W Urzillo Defendants and Defendants Page Buck and Christopher Nelson prevail in their respective state cases. See, e.g., Atlantic Mut. Ins. Co. v. Gula, 84 F. App'x 173, 175 (3d. Cir. 2003) ("[E]ven if the coverage issue is not currently pending, it will as a matter of logic necessarily arise before the matter is concluded in state court."). The Third Circuit's reasoning in Gula demonstrates that the possibility and likelihood of the coverage issue arising later in the state court proceedings is sufficient to satisfy the need to exercise restraint here. See Am. Recycling Sys., Inc., 2010 WL 3420046, at *4 (citing Broaddus, 2009 WL 349697, at *5).

Moreover, the parties dispute whether Defendant Antoine had permission to drive the Velez vehicle when the collision occurred. A determination on the issue of permissive use would be a finding of fact better resolved by a state court than by this Court. Consequently, by declining to exercise jurisdiction, this Court will leave the matter to be decided by a state court and avoid the potential for duplicative litigation.

**E.     The Inherent Conflict of Interest**

The inherent conflict of issue present here is that Allstate may have a duty to defend at the same time it is claiming that the permissive use provision under the insurance policies does not cover the actions of Defendant Antoine. Antoine asserts that he is entitled to be defended under the Allstate insurance policies issued to the Velez Defendants because he had permission to drive the Velez vehicle when the collision occurred. The H/W Urzillo Defendants join in this

argument.  In response, Allstate argues that any conflict of interest between its obligation to

defend in state court and its attempt to challenge coverage is a minimal concern because Antoine

has representation under a different insurance policy.

At the February 1, 2012 hearing, the parties disputed whether Defendant Antoine had

permission to drive the Velez vehicle when the collision occurred.  This dispute materially

affects the conflict of interest.  The Third Circuit has found that "a conflict of interest . . . could

arise if 'the same factual question' lies at the heart of both an insurance coverage dispute and the

underlying tort action."  See, e.g., Westfield Ins. Co. v. Wertz, No. 10-3066, 2011 WL 2135579,

at *3 ((quoting Terra Nova Ins. Co. v. 900 Bar, 887 F.2d 1213, 1225 (3d Cir. 1989) (internal

quotations omitted)).  Here, the issue of permissive use is central to the outcome of this

declaratory judgment action and the state proceedings.  The conflict of interest is palpable.

Furthermore, the fact that Antoine is currently being defended under his parents' insurance policy

does not obviate the conflict of interest that inures to Allstate.  Accordingly, this factor weighs in

favor of declining jurisdiction.

## IV.     CONCLUSION

The Declaratory Judgment Act gives federal courts discretion to accept or decline

jurisdiction over a declaratory judgment action.  Here, there are no federal issues presented.  The

question of coverage under an insurance policy is a matter of state law.  The state court is a better

forum to efficiently resolve the underlying state actions and to decide the coverage question

under the state declaratory judgment act.  For these reasons, this Court will decline to exercise

jurisdiction over this case.

An appropriate Order follows.